AUGUST ANDERSON, Respondent, v. WESTERN
COAL & MINING COMPANY, Appellant.

Kansas City Court of Appeals, May 31, 1909.

1. MASTER AND SERVANT: Negligence: Judgment: Mine In-
spection: Burden of Proof. The burden is on the servant to
show that his injury was the direct result of the master's
negligence as pleaded in his petition. The master is not an
insurer, but must merely act as an ordinarily careful man in
his position would act; and is not required to be infallible in
his judgment regarding the safety of a roof in a mine. But
*held*, on the evidence a mine foreman, was not only negli-
gent but reckless in speculating on the chances of a fall in the
roof.

2. ———: ———: Risk: Contributory Negligence. The servant
does not assume the risks created by the master's negligence,
and on the evidence the question of contributory negligence
was for jury.

Appeal from Lafayette Circuit Court.—*Hon. Samuel
Davis*, Judge.

AFFIRMED.

*Martin L. Clardy* and *Scott & Bowker* for appellant.

(1) The master is required to exercise ordinary and reasonable care, and provide a reasonably safe place for his servants to work. Sinburg v. Falk Co., 98 Mo. App. 546; Browning v. Caston, 107 Mo. App. 59; Glasscock v. Dry Goods Co., 106 Mo. App. 657; Bennett v. Lumber Co., 116 Mo. App. 699. (2) A master is not an insurer of the safety of appliances furnished by him nor of the place furnished his servant to work in, but is only bound to reasonable care in their selection and their inspection if needed, and before the servant can recover he is bound to show the dereliction of the master's duty in that regard. Brown v. Land & Lumber Co., 65 Mo. App. 165; Kelly v. Stewart, 93 Mo. App. 60. (3) An accident which an experienced man in that business could not, with ordinary care, have seen or guarded against, is a hazard incident to the business which every man engaged in assumes for himself. Beasley v. Transfer Co., 148 Mo. 421. (4) The master is only required to adopt such reasonable methods and apply such reasonable tests as are likely to discover defects if they exist. Guthridge v. Railroad, 105 Mo. 527. (5) The master is guilty of no want of ordinary care and hence is not responsible for injury, if he behaves, everything considered, as a man with prudence would have behaved. Rodgers v. Printing Co., 103 Mo. App. 689. (6) If any injury occurs which a prudent man, all the circumstances considered, would have been unlikely to anticipate, it is referable to the category of inevitable accidents. Rodgers v. Printing Co., 103 Mo. App. 689. (7.) Before the master is liable for defects in the appliances he must know it or be able to know it by the exercise of ordinary care; negligence cannot be assumed from the mere fact of the injury, nor will such facts send the case to the jury. Glasscock v. Dry Goods Co., 106 Mo. App. 657; Robbins v. Mining Co., 105 Mo. App. 82. (8) It devolves on the plaintiff to prove that defendant is

guilty of negligence, and the mere fact of the injury is no evidence of negligence. Kelly v. Stewart, 93 Mo. App. 47; Glasscock v. Dry Goods Co., 106 Mo. App. 657; Beckman v. Brewing Co., 98 Mo. App. 555; Robbins v. Mining Co., 105 Mo. App. 78.

*Richard Field,* with whom is *Alexander Graves,* for respondent.

(1) The evidence was abundant and uncontradicted that Frank Snell was the foreman in charge of crew and of the work, with power to discharge respondent's son if he disobeyed orders of Snell; and appellant finally admitted as much. Thus he was appellant's vice-principal in the premises. Smith v. Kansas City, 125 Mo. App. 155; Smith v. Car Co., 122 Mo. App. 616, 619; Lacklan v. Coal Co., 110 Mo. App. 638; Donnely v. Mining Co., 103 Mo. App. 350; Strode v. Conkey, 105 Mo. App. 14; Banc v. Irwin, 172 Mo. 317.

JOHNSON, J.—This suit is brought by the father of a minor son to recover damages sustained by him in consequence of personal injuries inflicted on the son. Verdict and judgment were for plaintiff and the cause is here on the appeal of defendant. The only questions urged by defendant are those arising from its contention that the court erred in not peremptorily instructing the jury to return a verdict in its favor.

At the time of the injury, March 12, 1906, the boy, Ernest Anderson, was employed as a shoveler in a coal mine operated by defendant. The cause of action alleged in the petition is negligence of the defendant in failing to exercise reasonable care to furnish its servant a reasonably safe place in which to work. The defenses pleaded in the answer are a general denial and pleas of contributory negligence and assumed risk. Ernest was fourteen years old and was employed as one of a crew to operate an electric mining machine. He had not worked before in a mine where machinery of that kind was used

but had worked at coal mining for sometime. The machine weighed about twenty-seven hundred pounds and was used in cutting out coal. The crew consisted of a foreman and three men. It was the duty of Ernest to shovel coal cut by the machine. The evidence of plaintiff shows that it was the duty of the foreman to inspect the roof and to keep it in a reasonably safe condition for the operation of the machine under it. During the forenoon of the day of the injury all of the men except Ernest had tested the roof which was of slate and found it somewhat loose. One of them called the foreman's attention to its condition, whereupon the foreman tested it. The men worked until noon and when they resumed work after lunch the foreman again tested the roof and told the men "it would hold up, that he thought we could get through." He did not stop to knock down or prop the loosened material. The men went on with their work and in about fifteen minutes an extensive but thin slab of slate fell from the roof at the place where the tests had been made and Ernest was injured. The manner of making the tests was to sound the roof with pick or hammer. If it sounded hard, it was considered to be in a safe condition, but a hollow sound would indicate that material tested was loose and might fall. Though the tests made by the men disclosed a loosened condition, they thought there was no immediate danger. Ernst testified that he made no tests but relied on the judgment of the foreman. Further, it appears that the running of the machine produced vibrations which had a tendency to hasten the fall of such loosened material.

Defendant argues that these facts do not tend to accuse the foreman of negligence and that the injury must be considered as an accident. That is to say, that after the foreman had tested the roof in the usual way and in his judgment deemed it reasonably safe for present purposes, the injury should be attributed not to a lack of reasonable care in the foreman, but as an occur-

rence not to be anticipated by an ordinarily careful and prudent person in his situation.

The master is not an insurer of the safety of his servant, but is bound only to employ reasonable care to furnish the servant a reasonably safe place in which to work. The burden of proof was on plaintiff to show that the injury was the direct result of a negligent act of the defendant pleaded in the petition. We agree with defendant that there is no evidence of negligence in the inspection of the roof. The foreman made the usual tests and that is all anyone claims an ordinarily careful man in his position should have done. And further, had it appeared that his conclusion from such tests that the roof was safe was the result of an honest error in judgment, we would hold him blameless in law for the injury. The duty to exercise ordinary care does not include infallibility in judgment and to say that it does would be to pronounce a logical absurdity. But the evidence viewed in its aspect most favorable to plaintiff tends to show that the injury was not the result of a mere mistake in judgment, but was due to a negligent, and we might add, reckless disregard of the safety of the workmen under the orders of the foreman. The tests told the foreman that the slab was loose. The event demonstrated that its fall was imminent. It was reasonable to infer that he knew or should have known that the condition disclosed to him indicated an enhancement of the natural and incidental dangers of the employment and with such knowledge actual or implied, it became his duty to remove that danger and not to suffer the men to work with it hanging over them. Instead of performing that duty, he speculated on the chance that the slab would not fall and risked the lives and safety of others on the throw. Such conduct is culpable since it does not coincide with that to be expected of reasonable care and prudence. We think the evidence presented an issue of negligence on the part of defendant which the court was right in sending to the triers of fact.

The risk of injury from such cause was not one of the risks assumed by the servant. The rule is well settled that risks created by the master's negligence are not to be classed as ordinary risks of the employment. Nor do we find any occasion for holding the young man guilty in law of contributory negligence. He was not in a position to know the full extent of the danger and was justified in relying on the judgment of the foreman, at least with respect to the elements of danger not discoverable by the reasonable use of his senses. We cannot say that the danger should have appeared to him so glaring and imminent that a reasonably careful man in his situation would have refused to encounter it. We regard the issue of contributory negligence as one of fact for the jury to determine. The demurrer to the evidence was properly overruled.

The judgment is affirmed. All concur.